SUMMARY ORDER

Petitioner Ming Di Ni, a native and citizen of the People’s Republic of China, seeks review of a May 2, 2008 order of the BIA affirming the October 18, 2006 decision of Immigration Judge (“IJ”) Gabriel C. Videla, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ming Di Ni, No. A99 533 465 (B.I.A. May 2, 2008), aff'g No. A99 533 465 (Immig. Ct. N.Y. City Oct. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, because Ni failed to challenge the IJ’s denial of his CAT claim before the BIA, we lack jurisdiction to consider his unexhausted challenge to the denial of that relief. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)). The petition for review is dismissed to that extent.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
Substantial evidence supports the IJ’s adverse credibility determination. The IJ relied on the following findings and observations: (1) Ni “was repeatedly non-responsive to very simple direct questions,” which suggested to the IJ that he was “testifying from a memorized script”; (2) when asked whether he had experi *683 enced any problems attending underground churches in China, he responded with a question as to what type of problems the question was referencing; (3) contrary to his asylum application, he denied that he had experienced any problems with the Chinese government; (4) although he testified that authorities had come to his family’s home twelve to thirteen times in order to arrest him, he made no such assertion in his asylum application; (5) although he indicated in his asylum application that he “followed the church brothers and sisters to read [the] bible,” he testified that he had never read the bible; (6) he did not know the name of the church he supposedly attended on numerous occasions; (7) the name and location he provided for the government-sanctioned church in China did not match information in a letter purportedly from that church; and (8) when asked about such discrepancies, he provided different answers, some of which had no logical connection to what he was being asked to explain.
Ni asserts that his “inability to initially answer some of the IJ’s questions ... is not unreasonable given the argumentative and sometimes confusing nature of the IJ’s questions.” The record reveals, however, that the IJ asked clear and direct questions, and repeated those questions in order to provide Ni numerous opportunities to explain discrepancies. Nor was it improper for the IJ to suggest that Ni’s responses seemed scripted. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005) (stating that we give particular deference to the trier of fact’s assessment of demean- or).
The IJ properly found that Ni was not credible, based on demeanor, non-responsiveness, and inconsistencies. See 8 U.S.C. § 1158(b)(l)(B)(iii).
Because the only evidence of a threat to Ni’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).